UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EVERETTE ANDERSON,                      )
                                        )
FRANSISCO BRAVO,                        )
                                        )
KERRY BRYAN,                            )        Cause No.: 4:09-CV-1632
                                        )
LARRY BUSH,                             )        JURY TRIAL DEMANDED
                                        )
GUIDO CARTAYA,                          )
                                        )
DENNIS CONDER,                          )
                                        )
JOHN CONDER,                            )
                                        )
CARL DOUTHIT,                           )
                                        )
RICHARD EASTMAN,                        )
                                        )
JUAN ESPINOZA,                          )
                                        )
MARIANO ESPINOZA,                       )
                                        )
ELIZABETH FARR,                         )
                                        )
STEVEN GLEAR,                           )
                                        )
RANDY GLOVER,                           )
                                        )
DAN HATCHER,                            )
                                        )
PEDRO HERNANDEZ,                        )
                                        )
MARCUS HUMPHREY,                        )
                                        )
DAVID JONES,                            )
                                        )
CURTIS KEYS,                            )
                                        )
JAI LAVINGTON,                          )
                                        )
ANDREW LEACH,                           )
                                        )
CARL LEWIS,                             )

1

JEROME LEWIS,                          )
                                       )
GERARDO LOPEZ,                         )
                                       )
MARTIN LOPEZ,                          )
                                       )
ERNEST MAYWEATHER,                     )
                                       )
KANDIES MILLER,                        )
                                       )
HUGH MILLS,                            )
                                       )
MARIO MONTOYA,                         )
                                       )
RAFAEL MONTOYA,                        )
                                       )
LAMAR MORRIS,                          )
                                       )
JOHN MUELLER,                          )
                                       )
JAMES MUMMA,                           )
                                       )
WILLIE PARTEE,                         )
                                       )
MICHAEL REED,                          )
                                       )
JOHN REID,                             )
                                       )
MICHAEL RENDRASKE,                     )
                                       )
RANDY ROBERTS,                         )
                                       )
OTIS ROBINSON,                         )
                                       )
RODOLFO ROJAS,                         )
                                       )
BOBBY ROMINE,                          )
                                       )
SUSAN SEALE,                           )
                                       )
JOSHUA SHAW,                           )
                                       )
DAN SMITH,                             )
                                       )
GEORGE SMITH,                          )
                                       )

LARRY STARKS,                                    )
                                                 )
RONAL STARKS,                                    )
                                                 )
ERIC STONE,                                      )
                                                 )
JOHN SUMNER,                                     )
                                                 )
SOMPONG VACHIRA,                                 )
                                                 )
ROBERT VINYARD,                                  )
                                                 )
HARRY WASHINGTON,                                )
                                                 )
RICHARD WILLIAMS,                                )
                                                 )
     Plaintiffs,                                    )
                                                 )
vs.                                              )
                                                 )
DIDION AND SONS FOUNDRY COMPANY,                 )
                                                 )
JOHN P. DIDION,                                  )
                                                 )
     Defendants.                                    )

## COMPLAINT

Comes Now, Plaintiffs, by and through their attorney, and for their cause of action and state:

## NATURE OF THE ACTION

1.  This is an action brought pursuant to the Worker Adjustment and Retraining Notification (WARN) Act, 29 U.S.C. §§ 2101-2109, for unpaid overtime pursuant to the Fair Labor Standards Act, Title 29, United States Code, Section 201, et seq. (hereinafter "FLSA") and the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq.*and and for unpaid wages pursuant to § 290.080, § 290.090 and § 290.110 R.S.Mo.; for conversion, for fraud, and for piercing the corporate veil.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, as a federal

question, and 1337, as arising under an Act regulating commerce, and 29 U.S.C. § 2104 (a) (5) of

the WARN Act., and the FLSA.

3.   The Eastern District of Missouri is the proper venue for this action pursuant to 28

U.S.C. §1391 (b)(1) and (b)(2) because this is the District and Division in which both the

Plaintiffs, and the Defendants resided during the events and and in which a substantial part of the

events or omissions giving rise to the claims occurred.

4.   This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to

Title 28, United States Code, Section 1367.

## PARTIES

5.   Plaintiff Everette Anderson is a resident of Warren County, Missouri.

6.   Plaintiff Fransisco Bravo is a resident of St. Louis County, Missouri.

7.   Plaintiff Kerry Bryan is a resident of St. Louis County, Missouri.

8.   Plaintiff Larry Bush is a resident of St. Louis County, Missouri.

9.   Plaintiff Guido Cartaya is a resident of St. Charles County, Missouri.

10. Plaintiff Dennis Conder is a resident of Warren County Missouri.

11. Plaintiff John Conder is a resident of Lincoln County, Missouri.

12. Plaintiff Carl Douthit is a resident of St. Louis County, Missouri.

13. Plaintiff Richard Eastman is a resident of St. Charles County, Missouri.

14. Plaintiff Juan Espinoza is a resident of St. Louis County, Missouri.

15. Plaintiff Mariano Espinoza is a resident of St. Louis County, Missouri.

16. Plaintiff Elizabeth Farr is a resident of Warren County, Missouri.

17. Plaintiff Steven Glear is a resident of St. Charles County, Missouri.

18. Plaintiff Randy Glover is a resident of St. Louis County, Missouri.

19. Plaintiff Dan Hatcher is a resident of St. Louis County, Missouri.

20. Plaintiff Pedro Hernandez is a resident of St. Louis County, Missouri.

21. Plaintiff Marcus Humphrey is a resident of Franklin County, Missouri.

22. Plaintiff David Jones is a resident of St. Louis County, Missouri.

23. Plaintiff Curtis Keys is a resident of St. Louis County, Missouri.

24. Plaintiff Jai Lavington is a resident of St. Clair County, Illinois.

25. Plaintiff Andrew Leach is a resident of St. Charles County, Missouri.

26. Plaintiff Carl Lewis is a resident of St. Charles County, Missouri.

27. Plaintiff Jerome Lewis is a resident of St. Clair County, Illinois.

28. Plaintiff Gerardo Lopez is a resident of St. Louis County, Missouri.

29. Plaintiff Martin Lopez is a resident of St. Louis County, Missouri.

30. Plaintiff Ernest Mayweather is a resident of St. Clair County, Illinois.

31. Plaintiff Kandies Miller is a resident of Lincoln County, Missouri.

32. Plaintiff Hugh Mills is a resident of St. Charles County, Missouri.

33. Plaintiff Mario Montoya is a resident of St. Louis County, Missouri.

34. Plaintiff Rafael Montoya is a resident of St. Louis County, Missouri.

35. Plaintiff Lamar Morris is a resident of St. Louis County, Missouri.

36. Plaintiff John Mueller is a resident of St. Charles County, Missouri.

37. Plaintiff James Mumma is a resident of St. Charles County, Missouri.

38. Plaintiff Willie Partee is a resident of St. St. Clair County, Illinois.

39. Plaintiff Michael Reid is a resident of St. Charles County, Missouri.

40. Plaintiff Michael Endraske is a resident of St. Louis County, Missouri.

41. Plaintiff Randy Roberts is a resident of St. Charles County, Missouri.

42. Plaintiff Otis Robinson is a resident of St. Louis County, Missouri.

43. Plaintiff Rodolfo Rojas is a resident of St. Louis County, Missouri.

44. Plaintiff Bobby Romine is a resident of Lincoln County, Missouri.

45. Plaintiff Susan Seale is a resident of St. Charles County, Missouri.

46. Plaintiff Joshua Shaw is a resident of St. Charles County, Missouri.

47. Plaintiff Dan Smith is a resident of St. Charles County, Missouri.

48. Plaintiff George Smith is a resident of St. Louis County, Missouri.

49. Plaintiff Larry Starks is a resident of Lincoln County, Missouri.

50. Plaintiff Ronal Starks is a resident of St. Charles County, Missouri.

51. Plaintiff Eric Stone is a resident of St. Charles County, Missouri.

52. Plaintiff John Sumner is a resident of St. Charles County, Missouri.

53. Plaintiff Sompong Vachira is a resident of St. Charles County, Missouri.

54. Plaintiff Robert Vinyard is a resident of St. Louis County, Missouri.

55. Plaintiff Harry Washington is a resident of St. Louis County, Missouri.

56. Plaintiff Richard Williams is a resident of St. Louis County, Missouri.

57. Defendant Didion and Sons Foundry Company (D&S) is a Missouri corporation with its principal place of business located in Saint Charles County, Missouri.

58. Defendant John P. Didion (Didion) is a resident of St. Charles County, Missouri.


## FACTS COMMON TO ALL COUNTS

59. Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their petition as though fully stated herein.

60. Defendant D&S operated a  Foundry located at 4894 North Service Road, Saint Peters, Missouri, 63376.

6

61. Defendant John P. Didion at all times mentioned herein was the sole shareholder, president, secretary and sole member of the board of Directors for the Didion and Sons Foundry Company.

62. Plaintiffs were each employees of the Defendants at all times referenced herein.

63. The defendant, D&S closed its plant located at 4894 North Service Road, Saint Peters, Missouri, 63376, on or about March 31, 2009.

## COUNT I –  LACK OF NOTICE UNDER THE WARN ACT

64. On or about March 31, 2009 the defendants terminated more than 50 employees at their plant located at 4894 North Service Road, Saint Peters, Missouri, 63376.

65. On or about March 31, 2009 , the defendants terminated the plaintiffs without proper notice as required by the WARN Act, 29 U.S.C. § 2102(a).

66. The defendant D&S employed more than 100 employees 60 DAYS before March 31, 2009.

67. Defendants laid off over 50 employees between March 1, 2009 and March 31, 2009.

68. The employees laid off made up at least 33 percent of the Defendant's workforce.

69. The defendants failed to serve written notice of such terminations on the plaintiffs at least sixty days prior to the terminations as required by the WARN Act, 29 U.S.C. § 2102 (a).

70. Plaintiffs suffered an "employment loss" as defined in 29 U.S.C. § 2101(a)(6) by being terminated, and are, therefore, all "affected employees" pursuant to 29 U.S.C. § 2101 (a)(5).

71. As a result of the defendant's violation of 29 U.S.C. § 2102 (a) and pursuant to 29 U.S.C. § 2104(a)(1), plaintiffs seek back pay, benefits, and prejudgment interest.

7

72. The WARN Act requires that back pay and benefits be paid for each day of the violation of the Act up to a maximum of sixty days.

73. Plaintiffs also seek attorney's fees and costs incurred pursuant to 29 U.S.C. § 2104(a)(6).

WHEREFORE, plaintiffs demand as follows:

    a.  That plaintiffs be awarded judgment against the defendant, Didion and Sons Foundry Company and John P. Didion for back pay, front pay and benefits up to a maximum of 60 days as provided in the WARN Act and prejudgment interest on the amount of the recovery.

    b.  That the plaintiffs be awarded the costs of this cause, including attorney fees, against defendant.

    That plaintiffs receive all other relief to which they may be deemed entitled.

## COUNT II – VIOLATION OF § 290.090 R.S.MO.

74. Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their Complaint as though fully stated herein.

75. Defendant's are operators of manufactories as defined under Chapter 290 R.S.Mo.

76. Defendants have failed and refused to pay the Plaintiffs the wages owed to them.

77. The actions of the Defendants amount to intentional misconduct and justify an award of the Plaintiffs' attorney's fees.

WHEREFORE, Plaintiffs pray for a Judgment against Defendants in the amount double the sum due each Plaintiff pursuant to § 290.090 R.S.Mo., for plaintiff's costs and attorney's fees incurred herein, interest pursuant to § 408.020, and for such other and further relief as the court deems just and proper.

8

## COUNT III – SUIT FOR WAGES PURSUANT TO 290.110

78. Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their Complaint as though fully stated herein.

79. Plaintiffs were discharged by the Defendants.

80. Plaintiff are owed wages from the Defendants.

81. Plaintiffs have made written demand to their foreman or the keeper of his or her time for the Defendants for their unpaid wages.

82. Defendants have failed to pay the Plaintiffs the wages they are owed.

83. The actions of the Defendants amount to intentional misconduct and justify an award of the Plaintiffs' attorney's fees.

WHEREFORE, Plaintiffs pray for a Judgment against Defendants in an amount to be determined at trial, but at least $75,000.00, plus an additional amount pursuant to § 290.110 in the amount equal to sixty days of each Plaintiffs' daily rate of pay, for plaintiffs' costs and attorney's fees incurred herein, interest pursuant to § 408.020, and for such other and further relief as the court deems just and proper.

## COUNT IV – BREACH OF CONTRACT

84. Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their Complaint as though fully stated herein.

85. Plaintiffs and the Defendants entered into an employment agreements in which the defendants agreed to employ the plaintiffs in exchange for payment of wages and other benefits including overtime, health insurance and vacation pay.

9

86.  Conditions of the employment agreements were that the Defendants would withhold sums from the Plaintiffs to be used towards the Defendants 401k accounts and other retirement savings plans, child support payments, clothing services, and health insurance.

87.  Defendants withheld amounts 401k accounts and other retirement savings plans, child support payments, clothing services, and health insurance from the Plaintiffs, but failed to properly forward said sums to the Plaintiffs accounts.

88.  Plaintiffs performed all of their obligations pursuant to the agreements.

89.  Plaintiffs were terminated, and/or laid off, on March 31, 2009 from their employment with the defendants.

90.  Plaintiffs are owed from the Defendants amounts of at least $300,000.00 for services they provided, vacation pay, amounts withheld and other consequential damages.

91.  Plaintiffs have demanded the wages owed to them for services they provided to the defendants pursuant to the employment agreements.

92.  Defendants have refused to pay to the Plaintiffs the wages they demanded and is owed.

93.  As a result of Defendants' breach of the employment agreement, Plaintiff has been damaged in the amount of at least $300,000.00.

94.  The actions of the Defendants amount to intentional misconduct and justify an award of the Plaintiffs' attorney's fees.

WHEREFORE, Plaintiff prays for a Judgment against Defendant in the amount of $300,000.00, for their costs and attorney's fees incurred herein, interest from the date the wages became due, and for such other and further relief as the court deems just and proper.

## COUNT V – UNJUST ENRICHMENT

95.  Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their Complaint as though fully stated herein.

96.  Plaintiffs conferred a benefit upon the Defendants in that they provided the Defendants with services.

97.  The Defendants have acknowledged and/or recognized that he have received a benefit from the services.

98.  The Defendants have accepted and retained the benefit of the services.

99.  The Defendants promised to pay for said services but have failed to do so.

100.    The Defendants have not paid to Plaintiffs a reasonable value for the services.

101.    The failure of the Defendants to pay to Plaintiffs a reasonable value for the services is unjust.

102.    The actions of the Defendants amount to intentional misconduct and justify an award of the Plaintiffs' attorney's fees.

WHEREFORE, Plaintiff prays for Judgment against the Defendant for an amount to be determined at trial, but at least $300,000.00,  for their costs and attorney's fees, interest pursuant to § 408.020 R.S.Mo., and for such other and further relief as the court deems just and proper in the circumstances.

## COUNT VI – VIOLATIONS OF MISSOURI MINIMUM WAGE LAW

103.    Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their Complaint as though fully stated herein.

104.     The Plaintiffs are each an employee of the Defendants as defined by Mo. Rev. Stat. § 290.500(3).

105.     The Defendants are each an "employer" as defined by Mo. Rev. Stat. § 290.500(4).

106.     Defendants, individually and collectively, constitute an enterprise engaged in commerce producing goods and services for clients in the form of foundry products including the manufacture of raw steel, parts, and moldings, with an annual gross volume of business exceeding $1,000,000.00.

107.     Defendants have had a contractual employment relationship with Plaintiffs within the past two years and continuing to the present,

108.     Defendants directly hired Plaintiffs and other similarly situated employees who have work or have worked for Defendants in Missouri since September 30, 2007 and continuing to the present.

109.     At all relevant times, Defendants jointly controlled Plaintiffs' work schedules and conditions of employment; determined the rate and method of payment of wages; and kept at least, some records regarding their employment.

110.     Defendants paid Plaintiffs on an hourly basis.

111.     Plaintiffs and other similarly situated employees did not and do not qualify as exempt employees as defined by applicable State and Federal statutes.

112.     During their employment, Plaintiffs and other similarly situated employees worked in excess of 40 hours per week.

113.    Defendants knowingly and intentionally refused to pay Plaintiffs and other similarly situated employees for the hours they worked over forty hours per week at a rate of one-and-one half times their regular rate of pay.

114.    Defendants' failure to pay overtime compensation, as described above, in violation of Missouri's Minimum Wage Law, has been willful and was not the result of a good faith contest or dispute.

115.    At all relevant times, Plaintiffs and the Class have been entitled to the rights, protections and benefits provided under the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500 *et seq.*

116.    The Minimum Wage Law regulates, among other things, the payment of overtime compensation by employers whose employees are engaged in commerce in Missouri.

117.    Defendants are subject to the overtime compensation requirements of the Minimum Wage Law because it is an enterprise engaged in commerce and its employees are engaged in commerce.

118.    Defendants have willfully and intentionally engaged in a persistent pattern and practice of violating the Minimum Wage Law by misclassifying its employees as "exempt" and/or simply failing and refusing to pay any overtime compensation or the improper amount of overtime wages to such current and former employees.

119.Plaintiffs are victims of a uniform and company-wide policy of not paying overtime compensation.

120.    As the direct and proximate result of Defendants' unlawful conduct Plaintiffs have been deprived of and are entitled to overtime compensation in amounts to be determined at trial,

together with such other liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs of this action, and other compensation pursuant to the Missouri Minimum Wage Law.

121.     The Defendants' conduct was outrageous because of the defendants' evil motive or reckless indifference to the Plaintiffs' rights.

WHEREFORE, Plaintiffs pray for a judgment against the Defendants, jointly and severally, for an amount to be determined at trial for damages sustained, for liquidated damages pursuant to Section 290.527 R.S.Mo., for punitive damages, for their costs and attorney's fees, and for such other and further relief as the court deems just and proper.

## COUNT VII – VIOLATIONS OF THE FAIL LABOR STANDARDS ACT

122.     At all times relevant hereto, Defendant D&S was and is a business employing certain employees in commerce or in the production of goods for commerce and are subject to the provisions of the FLSA.

123.     At all times relevant hereto, Defendant D&S  was Plaintiff's employer within the meaning of the FLSA.

124.     At all times relevant hereto, Defendant Didion, acted "directly or indirectly in the interest of D&S in relation to" Plaintiff during Plaintiff's employment with Defendants, pursuant to 29 U.S.C. § 203.  Therefore, Defendant Didion was also Plaintiff's employer within the meaning of the FLSA.

125.     At all times relevant hereto, Plaintiffs were non-exempt employees as defined by the FLSA.

14

126.     As a non-exempt employees of the Defendants, Plaintiffs were entitled to compensation for overtime pay, at a rate of one and one-half times his regular rate of pay, for hours worked in excess of forty (40) hours during a workweek.

127.     Defendants violated Sections 206 and 207 of the FLSA by failing to compensate Plaintiffs for overtime hours in accordance with the FLSA.

128.     Defendants acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.

129.     Defendants have not acted in good faith nor with reasonable grounds for believing that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover liquidated damages in an amount equal to their compensatory damages from Defendant pursuant to Section 16(b) of the FLSA.

130.     Plaintiff is entitled to recover reasonable attorneys' fees, costs, and expenses of the action.

WHEREFORE, Plaintiffs pray for judgment for themselves against Defendants for monetary damages in the amounts to be proven at trial as uncompensated overtime compensation; for liquidated damages in the maximum amount permitted by the FLSA which are determined at trial to be due and owing; for interest on back pay awards; for reasonable attorneys' fees, costs, and expenses of litigation; and for such other and further relief as the Court may deem just and equitable.

**COUNT VIII – CONVERSION**

131.    Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their petition as though fully stated herein.

132.    Defendants withheld sums from the Plaintiffs for, including but not limited to: unpaid wages, unpaid vacation time, 401k accounts and other retirement savings plans, child support payments, clothing services, and health insurance.

133.    Defendants possess the property of the Plaintiffs.

134.    Plaintiffs have made demand for return of the property.

135.    Defendants have refused or otherwise failed to return the Plaintiff's property.

136.    At the time the Defendants failed to return the Plaintiffs' property, the Plaintiffs had a right to possess property.

137.    The Defendants intended to deprive the Plaintiffs of their right to possess the Plaintiffs' property.

138.    The Defendant deprived the Plaintiffs' of their right to possess the Plaintiffs' property.

139.    The actions of the Defendants were without just cause or excuse.

140.    The actions of the Defendants were outrageous and based on an evil motive or reckless indifference to the plaintiffs' rights.

141.    The actions of the Defendants amount to intentional misconduct and justify an award of the Plaintiffs' attorney's fees.

WHEREFORE, Plaintiff prays for Judgment against the Defendants in an amount to be determined at trial but at least $250,000.00, for punitive damages in an amount of at least $1,250,000.00, for their costs, for interest, and for such other and further relief as the court deems just and proper in the circumstances.

## COUNT IX – FRAUD

142.      Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their petition as though fully stated herein.

143.      Defendants represented to the Plaintiffs that they would be paid for services work they performed.

144.      Defendants represented to the Plaintiffs that they had valid health insurance.

145.      The representations of the Defendants were false.

146.      The representations of the Defendants were material to the decision of the Plaintiffs to perform services for the Defendants.

147.      The representations of the Defendants were material to the decision of the Plaintiffs to incur medical expenses.

148.      The Defendants knew at the time of their representations that they were false.

149.      The Plaintiffs did not know the representations of the Defendants were false.

150.      The Plaintiffs relied upon the representations of the Defendants in their decisions to perform services for the Defendants and incur medical expenses.

151.      Plaintiffs had a right to rely on the representations of the Defendants as true.

152.      Plaintiffs were damaged by the representations of the defendants in that they performed services for the Defendants and incurred medical expenses.

153.      The actions of the Defendants were outrageous and based on an evil motive or reckless indifference to the plaintiffs' rights and justifies an award of punitive damages.

        WHEREFORE, Plaintiff prays for Judgment against the Defendants in an amount to be determined at trial but at least $250,000.00, for punitive damages in an amount of at least $1,250,000.00, for their costs, for interest, and for such other and further relief as the court deems just and proper in the circumstances.

## COUNT X – PIERCING THE CORPORATE VEIL

154.    Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their Complaint as though fully stated herein.

155.    Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their Complaint as though fully stated herein.

156.    Plaintiffs reallege and incorporate by reference all facts contained in the previous paragraphs of their Complaint as though fully stated herein.

157.    Defendant John Didion completely dominated and controlled the finances, policy, and business practices of Didion and Sons Foundry Company, including, but not limited to, the securing of assets for payment of payment of wages, and the payment of wages.

158.    Defendant John P. Didion at all times mentioned herein was the principal shareholder, president, secretary and sole member of the board of Directors for the Didion and Sons Foundry Company.

159.    Defendant John P. Didion stripped the Foundry of its assets by failing to make payments to suppliers, creditors, accounts payable and wages to the Plaintiffs, and by making large payments to himself and hidden accounts for his personal gain.

160.    Defendant John P. Didion took an unreasonable salary and reimbursements from the foundry in proportion to the services he provided and the financial condition of the company.

161.    Defendant John P. Didion used company assets to purchase items for himself and his wife including, but not limited to, luxury watches, vehicles, and personal vacations.

162.    Defendant John P. Didion operated the Foundry grossly undercapitalized.

163.    Defendant John P. Didion used his control of the Foundry to improperly deny the Plaintiffs of their rightful wages.

164.     Defendant John P. Didion exceeded the authority of his offices when he failed and refused pay suppliers, creditors, accounts payable and wages to the Plaintiffs, by making large payments to himself and hidden accounts for his personal gain, by using foundry assets to purchase items for himself and his wife including, but not limited to, luxury watches, vehicles, and personal vacations.

165.     Defendant John P. Didion's control of the Foundry was the direct cause of the Plaintiff's injury in that the Foundry would have sufficient assets to pay the wages of the Plaintiffs but for Defendant John P. Didion's squandering of its assets.

166.      Defendant John P. Didion has used the corporate cloak of the Foundry as a subterfuge to defeat public convenience, to justify a wrong, and to perpetrate a fraud, against the Plaintiffs in his failure and refusal to give proper notice and pay wages as further outlined herein.

WHEREFORE, Plaintiffs pray for a Judgment against John P. Didion declaring him liable to the Plaintiffs for damages including all amounts sought in Plaintiff's Complaint, and for such other and further relief as the court deems just and proper.


## DEMAND FOR A JURY TRIAL

Plaintiffs, through counsel, respectfully request a trial by jury on all issues.


Respectfully submitted:

KASPER LAW FIRM, LLC

By:  /S/ Kevin J. Kasper
Kevin J. Kasper, No. 499377
3930 Old Hwy 94 South, Suite 105
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: kevinkasper@kasperlawfirm.com

Attorney for Plaintiffs